# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:18-CV-203-DSC

| | |
|---|---|
| VICKI BEAVERS,<br>  Plaintiff,<br><br>    vs.<br><br>ANDREW M. SAUL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>  Defendant. | **MEMORANDUM AND ORDER**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #14) and Defendant's "Motion for Summary Judgment" (document #17) as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>grant</u> Plaintiff's Motion for Summary Judgment; <u>deny</u> Defendant's Motion for Summary Judgment; <u>reverse</u> the Commissioner's decision; and <u>remand</u> this matter for further proceedings consistent with this Memorandum and Order.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Plaintiff filed the present action on July 19, 2018. The Administrative Law Judge found her not disabled at Step Four of the sequential evaluation process based upon a Vocational Expert's testimony. (Tr. 23). She contends that the ALJ failed to resolve conflicts between that testimony and the Dictionary of Occupational Titles ("DOT"). "Plaintiff's Memorandum …" at 2-7 (document #15) (Tr. 69-70).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. **DISCUSSION OF CLAIM**

The question before the ALJ was whether Plaintiff became disabled at any time.[2] Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT.

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

It is not Plaintiff's burden to identify any conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

The ALJ found that Plaintiff's Residual Functional Capacity was limited to "simple, repetitive and routine tasks … but not at a production rate pace." (Tr. 15). The ALJ denied her claim at Step Four based upon the V.E.'s testimony that she could still perform her past work as a cashier. (Tr. 23, 69-70). The cashier job has a Reasoning Level 3. Although there is a split of authority in this District, this Court is persuaded that Reasoning Level 3 conflicts with a limitation to simple, routine and repetitive tasks. Corvin v Berryhill, No. 5:17-CV-92-RJC, 2018 WL 3738226, at *5 (W.D.N.C. Aug. 7, 2018); Bethea v. Berryhill, No. 5:17-CV-145-MOC, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 20, 2018); Lorch v. Berryhill, No. 3:16-CV-00076-RJC, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017); Adkins v. Berryhill, No. 1:15-CV-00001-RLV, 2017 WL 1089194, at *4 (W.D.N.C. Mar. 21, 2017).

In Corvin, the Court explained "that a limitation to simple, routine tasks is at odds with Level 3's requirements because it may be difficult for a person limited to simple, repetitive tasks to follow instructions in diagrammatic form as such instructions can be abstract." 2018 WL 3738226, at *5 (quoting Zavalin v. Colvin, 778 F.3d 842, 846–47 (9th Cir. 2015)).

The ALJ did not address this conflict in his decision. Instead, he incorrectly stated that

4

the V.E.'s testimony was consistent with the DOT. (Tr. 24). Accordingly, it was error for the ALJ to rely on the V.E.'s testimony in denying Plaintiff's claim. Pearson, 810 F.3d at 209; Radford, 734 F.3d at 296.

The Court concludes that this matter must be remanded for a new hearing. By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #14) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #17) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO ORDERED.**  Signed: July 1, 2019

David S. Cayer
United States Magistrate Judge